Order reversed, with $10 costs and disbursements. All concur.

---

(98 App. Div. 201)

### CITY OF NEW YORK v. BROOKLYN & R. B. R. CO. et al.

(Supreme Court, Appellate Division, Second Department. November 18, 1904.)

1. TOWNS—POWER OF BOARD TO CONVEY LAND.
   In the absence of statutory provisions or special authority from the electors of the town a town board has no authority to convey, or contract to convey, the real estate of the town.

Appeal from Special Term, Kings County.

Action for specific performance by the city of New York against the Brooklyn & Rockaway Beach Railroad Company and others. From a judgment for defendant, directing a dismissal of the complaint on the merits, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Theodore Connoly (George F. Elliott and E. J. Freedman, on the brief), for appellant.

Joseph A. Burr (James McGregor Smith, on the brief), for respondents.

WILLARD BARTLETT, J. This is a suit to compel the specific performance of an alleged agreement for the transfer to the city of New York, as the successor in interest of the former town of Flatlands, in Kings county, of a dock situated near the foot of Ninety-Second street in the present borough of Brooklyn. The alleged agreement, made on the 21st day of June, 1895, contemplated the conveyance of this

Ninety-Second street dock by the railroad company to the town of Flat-lands, in exchange for the conveyance to the railroad company by the town of the town's right, title, and interest in a piece of property known as the "Old Town Dock" at the foot of Rockaway avenue in Canarsie. Whatever was done in behalf of the town of Flatlands toward entering into such a contract was done by the town board, without any previous authorization or subsequent ratification by the town in its corporate capacity in town meeting. "The only question in the case, therefore," say the learned counsel for the appellant in their brief, "is as to the power of the town board to enter into a contract to release and convey to the railroad its right, title, and interest in the old town dock." It is quite clear that at the time of the alleged agreement (June 21, 1895) the town board had no such power. It was not conferred by any pro-vision of the town law, as then in force, either relating to the general duties of town officers or relating to the town board. Laws 1890, pp. 1211, 1233, c. 569, arts. 4, 7. The only special legislation, to which our attention has been called, concerning the sale of town lands in the town of Flatlands, is to be found in chapter 283, p. 376, Laws 1879, and chapter 463, p. 945, Laws 1894. The first of these statutes author-ized the supervisor to execute and deliver a deed of the right and in-terest of the town in certain lands known as "Ruffle Plot," in Jamaica Bay, to one Henry L. Schmeelk, but provided that he should not do this until the conveyance should be approved by a majority of the electors of the town voting at a special town meeting called for that pur-pose. The second act empowered the town of Flatlands to sell and con-vey a plot of land at Canarsie to the First Methodist Protestant Church of that place. Nothing in either statute bestowed upon any town officer, either expressly or by implication, any authority to convey, or to con-tract to convey, town lands, in the absence of action directing such con-veyance or contract either by the electors of the town or the Legisla-ture. The courts in many cases in which they have been called upon to consider the sale or lease of town lands have assumed that affirmative action of the electors at a town meeting was necessary to authorize such disposition of the town's real property, and now that the town law itself, as amended, expressly permits the supervisor to "sell and convey in the name of the town property owned by it," he may do this only "when di-rected by a town meeting." Laws 1890, p. 1222, c. 569, § 80, as amend-ed by Laws 1900, p. 883, c. 377. The corporation counsel evidently has not gone too far, therefore, in conceding, as he does upon his brief in this case, "that the power of the town board as such did not extend to the conveyance of town property."

Notwithstanding this concession, however, he insists that the alleged contract to convey was valid, and that it may be enforced (1) because the town and its successors have ratified it by acquiescence and by bringing the present action to recover the railroad dock; and (2) be-cause the railroad company has taken and retained the benefits of the contract, and is therefore estopped to deny the authority of the town board to make it. I find no sufficient evidence of the ratification thus claimed, and the railroad company's occupancy of the old dock property does not appear to be due to any action of the town under the alleged contract, but to the affirmative action of the railroad company itself

upon its assertion of title thereto as an upland owner having a grant of adjacent land under water.    The town authorities have never tendered any conveyance of this property to the railroad company, and they neglected to comply with its request to expel intruders who were occupying the same and to put the railroad company in possession thereof. Under the circumstances, I think the plaintiff failed to establish the existence of a contract which was either valid in the first instance, or made valid by ratification and estoppel, so as to be enforceable by a decree for specific performance.

Other questions have been discussed by counsel arising out of the defense of the respondent Thomas E. Pearsall, whose title to the property in dispute has been held to be superior to that of the plaintiff by virtue of the foreclosure of a prior mortgage; but the views which have been expressed lead to the conclusion that the learned trial judge was right in dismissing the complaint, without reference to these questions, and it therefore seems unnecessary to consider them further here.

Judgment affirmed, with costs.  All concur.